%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Althea N. Shynes

**DEFENDANTS**

City of Philadelphia; P/O Sylvester Johnson; P/O Richard Cudjik

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jack M. Bernard, 1930 Land Title Building, Phila., PA 215-665-0666

Attorneys (If Known)

Margaret Fenerty

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec 1983
Brief description of cause:
Civil Right Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
10/19/2010

SIGNATURE OF ATTORNEY OF RECORD
*Margaret Fenerty*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

Althea N. Shynes                                      Civil Action
1215 West Tioga Street
West Lawn, PA 19140                          NO: _____

Plaintiff

     V.

                            Formerly

City of Philadelphia, et al                          Court of Common Pleas
1515 Arch Street                                     Philadelphia County
Philadelphia, PA 19102                               Trial Division – Civil
                                                     June, 2010
                                                     No. 3933

          Defendants

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia, P/O Sylvester Johnson, and P/O Richard Cudjik (hereinafter "petitioners") through their counsel, Margaret Fenerty, Senior Attorney, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. In June 2010, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, June 2010, No. 3933. (Exhibit A - Complaint).

2. On July 7, 2010, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on July 2, 2008, she sustained damages when her civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioners, City of Philadelphia, respectfully request that the captioned

Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

Margaret Fenerty, Esquire
Senior Attorney
Attorney I.D. No. 39409
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5391

Date:  10/19/2010

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Althea N. Shynes**<br>**1215 West Tioga Street**<br>**West Lawn, PA 19140** | **Civil Action**<br><br>NO: _____ |
| **Plaintiff** | |
| **v.** | |
| | **Formerly** |
| **City of Philadelphia, et al**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102** | **Court of Common Pleas**<br>**Philadelphia County**<br>**Trial Division – Civil**<br>**June, 2010**<br>**No. 3933** |
| **Defendants** | |

## NOTICE OF FILING OF REMOVAL

TO:  Jack M. Bernard, Esquire
     1930 Land Title Building
     100 South Broad Street
     Philadelphia, PA 19110

PLEASE TAKE NOTICE THAT on          October 19, 2010     , defendants, City of Philadelphia, P/O Sylvester Johnson, and P/O Richard Cudjik, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*Margaret Fenerty*

**Margaret Fenerty, Esquire**
**Senior Attorney**
**Attorney I.D. No. 39409**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Althea N. Shynes
1215 West Tioga Street
West Lawn, PA 19140

Plaintiff

      **V.**

City of Philadelphia, et al
1515 Arch Street
Philadelphia, PA 19102

        Defendants

Civil Action

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
June, 2010
No. 3933

### <u>CERTIFICATE OF SERVICE</u>

I, Margaret Fenerty, Senior Attorney, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Jack M. Bernard, Esquire
      1930 Land Title Building
      100 South Broad Street
      Philadelphia, PA 19110

Margaret Fenerty, Esquire
Senior Attorney
Attorney I.D. No. 39409
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5391

Date:  <u>10/19/2010</u>

Exhibit "A"

LAW OFFICE OF JACK M. BERNARD
By:  Jack M. Bernard, Esquire
Attorney I.D. No.  26643
1930 Land Title Building
100 South Broad Street
Philadelphia, PA  19110                          *Attorney for Plaintiff*
(215) 665-0666
(215) 514-8609 *(Facsimile)*
*jackbernard@verizon.net*

| | | |
|---|---|---|
| ALTHEA N. SHYNES | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | JUNE TERM, 2010 |
| CITY OF PHILADELPHIA. et al. | : | |
| | : | NO.: 3933 |

### AMENDED COMPLAINT

1.  This action arises under the Constitution of the United States, Fourth and Fourteenth

Amendments, the Constitution of the Commonwealth of Pennsylvania, Declaration of Rights and

Title 42 United States Code, Section 1983.

2.  Plaintiff, Althea Shynes is an adult residing at 1215 West Tioga Street, Philadelphia,

Pennsylvania.  Plaintiff has a speech impairment due to multiple sclerosis, but she is able to

testify if given additional time to form thoughts and sentences.

3.  Defendant, City of Philadelphia is a City of the First Class, with offices at 1515 Arch

Street, Philadelphia, Pennsylvania.

4.  Richard Cudjik is a police officer, Badge No. 3262, employed by the City of

Philadelphia.

5.  Sylvester Johnson was the Police Commissioner of the City of Philadelphia at all times material to plaintiff's causes of action alleged hereafter, and as such he supervised the activities of police officers, including officer Cudjik.

6.  Defendant, "Jane Doe", subsequently identified as Corporal Palma, Badge No. 8195 is also a police officer supervised by Commissioner Sylvester Johnson.  In order to confirm the identity of the defendant previously called "Jane Doe", plaintiff served the following Request For Admission upon Craig Straw, Esquire, Chief Deputy City Solicitor on September 2, 2010, to wit:  Do you admit that Corporal Palma, Badge No. 8195 is the same person described in the Complaint as "Jane Doe"?  There was no response to the Request For Admission within the time permitted by the Rules of Civil Procedure.

7.  On July 2, 2008, defendant Cudjik arrested Pierre Shaw, plaintiff's neighbor who lived at an adjoining property, 1211 West Tioga Street.

8.  After arresting Mr. Shaw, defendant, Cudjik entered upon plaintiff's porch for no apparent reason and without any warrant.  At that time defendant, Cudjik was in plainclothes and had driven to Mr. Shaw's house in an unmarked vehicle with another individual also in plainclothes.

9. Plaintiff's son Danton came from the street to see the cause of the commotion and to protect his mother.

10.  Another plainclothes police officer, believed to be defendant Cudjik's partner tackled Danton.  Both police officers entered plaintiff's home.  The unauthorized entry into plaintiff's home without a warrant and without probable cause is in violation of the United States Constitution, Fourth and Fourteenth Amendments, as well as protection against unlawful search

-2-

provided by the Constitution of the Commonwealth of Pennsylvania.

11.  A female officer, together with other police officers arrived in police vehicles and commenced a search of plaintiff's home.  The unauthorized entry into plaintiff's home and the unlawful search without a warrant and without probable cause in violation of the United States Constitution, Fourth and Fourteenth Amendments, as well as protection against unlawful search provided by the Constitution of the Commonwealth of Pennsylvania.

12.  The unauthorized entry into plaintiff's home and the unlawful search of plaintiff's home contravened plaintiff's civil rights, in violation of 42 U.S.C. Section 1983, in that plaintiff was deprived of her liberty under color of state law by state actors, as more fully alleged hereafter.

13.  The female police officer previously called "Jane Doe" and subsequently identified as Corporal Palma observed plaintiff's medication for Multiple Sclerosis called Betaseron, which is packaged in 14 syringe vials with needles to dispense the medication, plainly labeled as medication, a copy of which is attached hereto and marked Exhibit "A".

14.  Thereafter, the female police officer told plaintiff that she was dealing heroin.  Said defendant reached into plaintiff's brassiere, groped her breasts and removed cash rolled up in twenty dollar bills, which was lawfully owned and possessed by plaintiff.

15.  Said defendant removed $344.00 that plaintiff had in one brassiere cup and $634.00 from the other brassiere cup.  Both times the officer found cash as aforesaid she exclaimed "BINGO". Said police officer ignored and refused to accept plaintiff's explanation that the $344.00 was money plaintiff lawfully owned and possessed by cashing her welfare check earlier that same day, and that $634.00 was money plaintiff obtained the previous day, July 1, 2008 by cashing her SSI monthly payment at a check cashing agency, and that no monies were proceeds of illegal drug transactions.

16.  Defendant, police officer Cudjik was present in plaintiff's residence observed the clearly marked medication, but did nothing to restrain his fellow police officer from physically assaulting plaintiff.

17.  Notwithstanding receipt of $978.00, defendants Cudjik and "Doe" completed a property report dated July 3, 2010 falsely stating that they obtained $344.00 from plaintiff's person as "Narcotics Evidence".  A true copy of the Property Report is attached hereto and marked Exhibit "B".

18.  At all times material to plaintiff's causes of action herein alleged, defendants Cudjik, Palma and other police officers who arrived at plaintiff's residence acted under the direction, control and supervision of defendant, Police Commissioner Sylvester Johnson.

19.  At all times material to plaintiff's causes of action herein alleged, defendant City of Philadelphia knowingly and intentionally encouraged and/or tolerated violations of the civil rights of civilians, particularly African American and Hispanic minorities, notwithstanding previous lawsuits complaining of policies permitting illegal activities by police officers and their supervisors, hundreds of thousands of dollars awarded as damages for civil rights violations and consent judgments prohibiting such activities.

20.  Defendants, Commissioner Johnson, his predecessors and the City of Philadelphia adhered to policies, practices and long-standing customs that cause civilians to be deprived of their liberty and property, and in some instances their lives, because of police misconduct under color of state law.

21.  As a direct and proximate result of defendants' entry upon plaintiff's premises without probable cause and without a warrant, illegal seizure of plaintiff's property consisting of $978.00, plaintiff's medication for Multiple Sclerosis and use of excessive force, plaintiff was

deprived of her rights, privileges and immunities secured by the United States Constitution and the Declaration of Rights of the Constitution of the Commonwealth of Pennsylvania under color of state law by state actors, as previously alleged, and in addition plaintiff was falsely arrested, charged with narcotics violations, falsely imprisoned and she was required to appear in court proceedings over a period of time from on or about October 6, 2008 to March 25, 2010 when all charges were withdrawn by the District Attorney.

22.  Plaintiff suffered extreme emotional and physical distress proximately caused by the previously alleged events of July 2, 2008, plaintiff's arrest and imprisonment for more than eighteen (18) hours on July 2 and 3, 2008, excessive force to effectuate plaintiff's arrest, the assault and battery upon her person on July 2, 2008, anxiety and stress for a period of 227 days from October 6, 2008 to March 25, 2010 (after excludable time), for judicial proceedings in violation of Pennsylvania Rules of Criminal Procedure, until the charges against plaintiff were withdrawn and dismissed "without prejudice".

23.  In addition, defendant, City of Philadelphia instituted a civil forfeiture proceeding against plaintiff, entitled *Commonwealth vs. $344.00 U.S. Currency* in the Court of Common Pleas for the Philadelphia County, which remains pending despite plaintiff's acquittal of all criminal charges.

24.  As a result of the foregoing plaintiff has been required to retain the services of attorneys to defend both the criminal and civil forfeiture proceedings, and to bring and prosecute this action.

25.  Plaintiff is informed and based on said information she believes that prior to and at all times material to plaintiff's causes of action alleged herein, defendants, City of Philadelphia, and Commissioner Johnson had information concerning illegal arrests by defendant, Richard Cudjik

and other illegal activities involving alleged narcotics violations that were unfounded, but failed to take necessary action to restrain said defendant or to remove him from narcotics investigations.

WHEREFORE, plaintiff demands judgment of and from the defendants, individually, jointly and severally for compensatory and punitive damages, each in excess of the sum of Fifty Thousand Dollars ($50,000.00).

LAW OFFICE OF JACK M. BERNARD

By: _____

Jack M. Bernard, Esquire
*Attorney for Plaintiff, Althea N. Shynes*

October 12, 2010

EXHIBIT "A"

NDC 50419-523-35

14 single-use blister packs

**Attention Pharmacist:**
Each patient is required to
receive the enclosed
Medication Guide.

# BETASERON®

[INTERFERON BETA-1b] FOR S
INJEC

0.3 mg   (9.6 million IU)   For Subcutaneous Use
Rx Only

NEW Thinner (30-Gauge) Needle

Questions? Contact your 24/7 B.E.T.A. Nurse
1-800-788-1467

www.betaseron.com/thinner

ACRO PHARMACY
313 Henderson Dr.
Sharon Hill, PA 19079
800-906-7798 DEA#: BA8750627 E Nyako, RPHIC
FOR PARENTERAL USE ONLY
SHYNES, ALTHEA                    W. WU-CHEN, MD
Rx #: 22239                 Date: 01/28/09

Generic: INTERFERON BETA-1B INJ
BETASERON 0.3MG INJ 14 SYR PACK               Qty: 1
Directions:
   INJECT 0.3 MG SC EVERY OTHER DAY AS DIRECTED
   BY PHYSICIAN

# OF REFILLS REMAINING = 5

Storage:        Room Temperature
Discard After:    01/28/10              RPh: EN\DD
     CAUTION: Federal law prohibits transfer of this drug to any
          person other than the patient for whom prescribed

R

# EXHIBIT "B"

# PROPERTY RECEIPT

| | |
|---|---|
| ☐ LOST AND FOUND | |
| ☑ FOR INVESTIGATION | |
| ☐ PERSONAL PROPERTY FOR SAFEKEEPING | |
| ☑ EVIDENCE | |

**FROM WHOM TAKEN** Althea Shynes    7-3-70

**ADDRESS** 1215 W Tioga St.

**OWNER** *(If Known)*

**ADDRESS**

**DEFENDANT'S NAME** Althea Shynes

| AGE 37 | SEX B/F | NO. 2805306 |
|---|---|---|

**DATE** 7-2-08   **TIME** 8:20 PM

**DISTRICT** NFU   **UNIT** Squad 9

**LAB USER FEE REQUESTED** ☐ YES  ☐ NO

**DC NO.** 08-26-070273

**SEIZURE NO.**

**BULK OF PROPERTY STORED AT** EVIDENCE

**ITEMS OF PROPERTY AND CIRCUMSTANCES UNDER WHICH IT WAS RECEIVED, INCLUDING THE EXACT LOCATION TAKEN FROM**

```
1. ITEMS SEVENTEEN (17)      $20.00       $340.00
            FOUR (4)         $ 1.00       $  4.00

                        TOTALS  $344.00 USC
```

7·23·08
ANIC
SID: 28256591
PID: 1057582

2. The above USC was confiscated from the deft at her time of arrest for a narc violation.
3. FIELD TEST: N/A
4. CASE: 08-NFU-1630
5. CHARGES: M1316M, M1330F, CC903
6. CO-DEFT: Pierre Shaw B/M 1211 W Tioga St.
7. ADDITIONAL PR#: 2805303-5307
8. LAB FEE: No

NARCOTICS EVIDENCE LC
#3262

8:13AM   Recd $344.00 OK to Deposit

If the person from whom the above amount of money and/or property was taken does not sign below, state reason why:

**RECEIVED BY POLICE DEPARTMENT**

Arresting or Receiving Officer: *(If personal property for safekeeping, DeskSupervisor is the Receiving Officer)*

**PERSON FROM WHOM TAKEN** *(Signature)*

**WITNESS** *(Signature)*
Cpl Palma  204901

**BADGE NO.** *(Type)*
8195

**SIGNATURE.**
P/O Cuidik

**BADGE NO.** *(Type)*
3262  50607

## TRANSFERRED TO EVIDENCE CUSTODIAN/COLLECTOR

I hereby acknowledge receipt of the above listed items.

000034400

E2203334

**PR#:** 2805306

RECEIVED
JUL 0 3 2008

CUSTODY OF POLICE DEPARTMENT

*(Evidence Custodian/Collection)*

This will acknowledge the receipt from the Police Department of the City of Philadelphia of the amount of money and/or property listed above, and will constitute the release of the City of Philadelphia and its agencies from any and all future responsibility therefor.

DEPOSIT
JUL 1 5 2008
ESCROW FUND

| | |
|---|---|
| ☐ Returned to Owner or Agent | |
| ☐ Confiscated by Court | |
| ☐ Destroyed by Order of Court | |
|    Petition No. | |
| ☐ Escheat to State | |
|    Escheat List No. | |
| ☐ To Department of Collections | |
| ☐ Other Disposition *(Explain)* | |

**RECEIVED BY** *(Owner or Agent)*

**OWNER OR AGENT** *(Signature)*

| WITNESS *(Signature)* | BADGE NO. | DATE |
|---|---|---|

**RECEIVED BY** *(Other than Owner of Agent)*

**SIGNATURE AND TITLE**

| WITNESS | | DATE |
|---|---|---|

## VERIFICATION

I, Jack M. Bernard, hereby verify that the statements made in the foregoing *Plaintiff's Amended Complaint* are true and correct to the best of my knowledge, information, and belief.

I understand that false statements made herein are subject to the penalties of Title 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_Jack M. Bernard_
JACK M. BERNARD


DATED:   October 12, 2010

## CERTIFICATE OF SERVICE

I, Jack M. Bernard, Esquire, hereby certify that a true copy of the foregoing *Plaintiff's Amended Complaint*, was served electronically upon the Prothonotary's office on the date of filing of this document. If the ECF system indicates that counsel is being served electronically, such service will be deemed to comply with the ECF system. If the ECF system indicates that counsel is not an ECF user, a true and correct copy of this filing will be delivered by U.S.P.S., first class mail, postage prepaid on the date the Notice of Filing and Acceptance is generated by the ECF system upon the below listed:

> Margaret M. Fenerty, Esquire
> City of Philadelphia
> Law Department
> 1515 Arch Street, 14th Floor
> Philadelphia, PA 19102

October 12, 2010

Jack M. Bernard, Esquire

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  1215 West Tioga Street, Philadelphia, PA 19140

Address of Defendant:  Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:        Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).        Yes ☐        No ☑

Does this case involve multidistrict litigation possibilities?        Yes ☐        No ☑
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____        Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
        Yes ☐        No ☑

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
        Yes ☐        No ☑

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
        Yes ☐        No ☑

CIVIL: (Place   in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1.   ☐  Indemnity Contract, Marine Contract, and AllOther  Contracts
2.   ☐  FELA
3.   ☐  Jones Act – Personal Injury
4.   ☐  Antitrust
5.   ☐  Patent
6.   ☐  Labor-Management Relations
7.   ☑  Civil Rights
8.   ☐  Habeas Corpus
9.   ☐  Securities Act(s) Cases
10.  ☐  Social Security Review Cases
11.  ☐  All Other Federal Questions Cases (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1.   ☐  Insurance Contract and Other Contracts
2.   ☐  Airplane Personal Injury
3.   ☐  Assault, Defamation
4.   ☐  Marine Personal Injury
5.   ☐  Motor Vehicle personal Injury
6.   ☐  Other Personal Injury (Please specify)
7.   ☐  Products Liability
8.   ☐  Products liability - Asbestos
9.    ☐  All other Diversity Cases
        (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,  Margaret Fenerty _____, counsel of record do hereby certify:

☑  Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐  Pursuant to Local Civil  Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE:   10/19/2010 _____        ___Margaret Fenerty_____        _____39409_____
                                                     Attorney-at-Law                                   Attorney I.D. #

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   10/19/2010 _____        *Margaret Fenerty* _____        _____39409_____
                                                     Margaret Fenerty, Esquire                 Attorney I.D. #
                                                     Attorney-at-Law

CIV. 609 (4/03)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Althea N. Shynes                                    Civil Action

v. City of Philadelphia; P/O Johnson; P/O Cudjik
                                                    No.

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.          (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                             (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                (   )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 10/19/2010 | **Margaret Fenerty, Esquire** | City of Philadelphia |
| Date | Attorney-at-law | Attorney for |
| **(215) 683-5391** | **(215) 683-5397** | **margaret.fenerty@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02